IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD L. JONES,

Petitioner,

v.                                   CASE NO.   08-3285-RDR

C. CHESTER,
et al.,

Respondents.

## MEMORANDUM AND ORDER

This action was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, by an inmate of the Federal Prison Camp, Leavenworth, Kansas (FPC).  As grounds for this Petition, Mr. Jones alleges that "prison officials" have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.  As factual support, he alleges he has been denied adequate and effective medical treatment since at least April 19, 2007, for recurring symptoms, which he believes are "consistent with prostate cancer."  He further alleges that he has made numerous sick call appointments and complaints about pain in his scrotum, rectum and prostrate; and has been referred to an outside specialist "several times" by doctors and medical staff at the FPC, but when the requests reach Dr. William McCullum, the Health Service Director, he denies them without explanation.

## § 2241 IMPROPER VEHICLE FOR MEDICAL TREATMENT CLAIMS

At the outset, the court finds that Mr. Jones' claims of denial of medical treatment are not properly styled as a habeas corpus

petition under 28 U.S.C. § 2241.  An attack on the constitutionality
of the conditions of a prisoner's confinement is not cognizable in
a habeas corpus proceeding.  See Nelson v. Campbell, 541 U.S. 637,
643 (2004)("constitutional claims that merely challenge the
conditions of a prisoner's confinement . . . fall outside of [the
'core' of habeas corpus]"); see also Rael v. Williams, 223 F.3d
1153, 1154 (10th Cir. 2000)(Federal claims challenging conditions of
confinement generally do not arise under § 2241.), cert. denied, 531
U.S. 1083 (2001).  In order to state a claim under § 2241, a
petitioner must challenge the fact of, and not merely the conditions
of his confinement.  See McIntosh v. U.S. Parole Com'n, 115 F.3d
809, 811-12 (10th Cir. 1997)("[A]lthough a § 2241 attack on the
execution of a sentence may challenge some matters that occur at
prison, such as deprivation of good-time credits and other prison
disciplinary matters, . . . this does not make § 2241 actions like
'condition of confinement' lawsuits, which are brought under civil
rights laws.").  As the Tenth Circuit Court of Appeals has held:

> There are logical distinctions between prison condition
> suits brought under civil rights laws and execution of
> sentence matters brought under § 2241.  See, e.g., United
> States v. Furman, 112 F .3d 435, 438-39 (10th Cir.
> 1997)(challenges to good-time credit and parole procedure
> go to execution of sentence and should be brought under §
> 2241; challenges to conditions of confinement and related
> civil rights allegations should be brought pursuant to
> civil rights laws); Orellana v. Kyle, 65 F.3d 29, 31 (5th
> Cir. 1995)(per curiam)(if a favorable resolution of the
> action would not automatically entitle the prisoner to
> release, the proper vehicle is 42 U.S.C. § 1983), cert.
> denied, 516 U.S. 1059 (1996); Falcon v. United States
> Bureau of Prisons, 52 F.3d 137, 138 (7th Cir. 1995)(if
> prisoner is seeking "quantum change" in the level of
> custody, such as freedom, remedy is habeas corpus; if he
> is seeking a different program or location or environment,
> then challenge is to conditions, rather than fact, of his
> confinement and remedy is under civil rights law); Tucker
> v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991).

<u>McIntosh</u>, 115 F.3d at 812.  The Tenth Circuit reasoned in <u>Rael</u>:

> Though the Supreme Court has not set the precise
> boundaries of habeas actions, it has distinguished between
> habeas actions and those challenging conditions of
> confinement under 42 U.S.C. § 1983.  <u>See</u> <u>Preiser v.
> Rodriquez</u>, 411 U.S. 475, 499-500, 93 S.Ct. 1827, 36
> L.Ed.2d 439 (1973).  We have endorsed this distinction and
> have recognized that federal claims challenging the
> conditions of his confinement generally do not arise under
> § 2241.  <u>See</u> <u>McIntosh v. United States Parole Comm'n</u>, 115
> F.3d 809, 811-12 (10th Cir. 1997)(distinguishing between
> § 2241 actions and conditions of confinement suits);
> <u>Carson v. Johnson</u>, 112 F.3d 818, 820-21 (5th Cir. 1997)
> (same); <u>Merritt v. Pugh</u>, No. 00-1129, 2000 WL 770577, at
> *1 (10th Cir. June 15, 2000)(unpublished)(conditions of
> confinement claim not properly brought under § 2241);
> <u>Thompson v. True</u>, No. 97-3275, 1998 WL 536383, at *1 (10th
> Cir. Aug.18, 1998)(unpublished)(same); <u>Murphy v. Brooks</u>,
> No. 97-1175, 1997 WL 796485, at *1 (10th Cir. Dec.31,
> 1997) (unpublished)(same); <u>United States v. Sisneros</u>, 599
> F.2d 946, 947 (10th Cir. 1979)(same as to § 2255).

<u>Rael</u>, 223 F.3d at 1154.  In short, if a favorable determination on

a prisoner's claim would not automatically entitle him to

accelerated release, the proper vehicle is a civil rights complaint

and not a habeas corpus petition.

Mr. Jones' claims that he is being denied proper medical

treatment are claims challenging the conditions of his confinement.

He makes no allegation that this action, if successful, would result

in any direct change in the duration of his confinement.  The court

concludes that he has failed to allege claims cognizable under §

2241, and this action might be dismissed without prejudice on that

basis.

The correct vehicle for a federal inmate's claims of denial of

medical treatment is a civil rights action under <u>Bivens v. Six

Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S.

388 (1971).  Rather than immediately dismissing this action, without

prejudice, the court gives Mr. Jones the opportunity to have the

instant petition construed as a civil rights complaint under <u>Bivens</u>. If he decides not to convert this case, this action shall be dismissed, without prejudice, for failure to state a claim cognizable under 28 U.S.C. § 2241.

If Mr. Jones converts this action to one under 28 U.S.C. § 1331/Bivens, it shall proceed with respondents as defendants. If he wishes to name defendants other than Warden Chester and Dr. McCullum, he will have to file an Amended Complaint upon forms provided by the court setting forth all his claims and naming all defendants. He is reminded that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.); <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996); <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants").

**<u>FILING FEE</u>**

The filing fee is substantially more for a civil rights complaint than for a habeas action. Mr. Jones has submitted $5.00, which is the correct filing fee for a habeas corpus petition. However, the filing fee for a civil rights action is $350.00. If Mr. Jones converts this action to a civil rights complaint, he must either pay to the court $345.00, which is the amount that remains

owing on the full filing fee of $350.00, or submit a properly documented motion for leave to proceed without prepayment of fees[1]. His failure to either pay the filing fee in full or file a motion to proceed without prepayment of fees may result in dismissal of this action without further notice.

## FAILURE TO STATE A CLAIM OF FEDERAL CONSTITUTIONAL VIOLATION

Because Mr. Jones is a prisoner, the court is required to screen a civil rights complaint filed by him and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened Mr. Jones civil rights allegations and exhibits, the court finds that under the following legal standards, his claims of denial of medical treatment are subject to being dismissed for failure to state a federal constitutional claim.

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component

---

[1]    28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk shall be directed to provide Mr. Jones with forms for filing a proper motion under 28 U.S.C. § 1915(a).

requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." Estelle, 429 U.S. at 104, 105; Farmer v. Brennan, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999). "The objective component is met if the deprivation is 'sufficiently serious'." Martinez, 430 F.3d at 1304 (quoting Farmer, 511 U.S. at 834,(quotation omitted)). This court tentatively finds that Jones has alleged sufficient facts, which if proven, would establish the objective component.

However, the facts he alleges are insufficient to establish the subjective component. "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Martinez, 430 F.3d at 1304 (citing Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1305 (citing Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)). It follows that an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of

mind." <u>Estelle</u>, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. <u>See</u> <u>Estelle</u>, 429 U.S. at 106-07; <u>Handy v. Price</u>, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); <u>Ledoux v. Davies</u>, 961 F.2d 1536 (10th Cir. 1992)(Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); <u>El'Amin v. Pearce</u>, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.); <u>Smart v. Villar</u>, 547 F.2d 112, 114 (10th Cir. 1976)(Where the complaint alleges a "series of sick calls, examinations, diagnoses, and medication," it "cannot be said there was a 'deliberate indifference' to the prisoner's complaints."). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the

Eighth Amendment.

Estelle, 429 U.S. at 105-106 (footnote omitted).  A claim of total denial of medical care differs from a claim of inadequacy of medical care.  Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968). The prisoner's right is to medical care-not to the type or scope of medical care he personally desires.

In the instant action, Mr. Jones' allegations and exhibits indicate that he has been furnished medical care, but has a difference of opinion with the professional diagnosis and treatment of medical staff.   In the petition and his administrative grievances, he acknowledges he has been seen multiple times by prison medical staff.  His exhibits show that medical providers at the prison have diagnosed him with "recurrent epididymitis", "chronic prostatitis", and an inflammation of the urinary bladder; and provided testing and medication for his recurrent medical problems.  On administrative appeal, Jones claimed that the prison's medical personnel had been unable to properly diagnose or treat the cause of his pain.  He requested "prompt medical intervention by a specialist doctor" to rule out "the possibility of prostate cancer." Warden Chester responded that "[n]o exam has indicated a need for a review by the Clinical Director to consider outside consultation." The response at the national level in part provided::

> You were seen in the Chronic Care Clinic and staff recommended a referral to urology on July 16, 2008.  The Utilization Review Committee reviewed your case and denied a consultation with urology on July 17, 2008.  The Clinical Director determined your treatment plan of medications and diagnostic tests to be appropriate and that your condition will be re-evaluated in the near future.   A speciality appointment is not medically indicated at this time."

The court finds that unless Mr. Jones can allege additional

facts showing more than his mere disagreement with prison medical staff as to the diagnosis and treatment of his medical problems, he fails to state a federal constitutional violation.  At most, he states a claim of medical malpractice, which must be filed and litigated in state, not federal, court.  Mr. Jones can present additional facts to the court by filing a Supplement to his complaint, assuming this petition is converted to a civil rights complaint.

**IT IS THEREFORE ORDERED** that Mr. Jones is granted thirty (30) days in which to: (1) state in writing to the court whether or not this action should be converted to a civil rights complaint under 28 U.S.C. § 1331 and Bivens; (2) either pay to the court $345.00, which is the remainder of the filing for a civil rights action, or file a motion to proceed without prepayment of fees as set forth herein; and (3) submit a Supplement containing additional facts or show cause why this action should not be dismissed for failure to allege sufficient facts to support a federal constitutional claim for the reasons stated herein.

The clerk of the court is directed to transmit to Mr. Jones forms for filing a Motion to Proceed Without Prepayment of Fees.

**IT IS SO ORDERED.**

**DATED**:  This 10th day of February, 2009, at Topeka, Kansas.


s/RICHARD D. ROGERS
United States District Judge